Curia, per

Johnson, J.
This case may be resolved into the question, whether a verdict in trespass to try titles to land against the grantee, at the suit of a stranger, is, per se, evidence of the breach of the grantor’s warranty for quiet enjoyment. For if it is not, then it is conceded that the plaintiff’s action is not barred.
The warranty here is in the general form, against all persons “ lawfully claiming or to claim,” and it is a well settled rule, that this warranty extends only to interruptions of the possession authorized by legal authority. This is established by the mode of setting out the breach, prescribed in the books of practice ; as in Wotten vs. Hele, 3 Saund. 177, in which, after setting out the covenant, the plaintiff avers that one H. S. (a stranger) “ after, (fee. at (fee. having a lawful right and title to the said tenements with the appurtenances, entered into the same, and in and upon the possession of the plaintiff, and ejected, expelled, and amoved him, the plaintiff, against his will, by due process of law, from the possession and occupation of the aforesaid tenements,” (fee. The cases of Dudley vs. Folliott, 3 T. R. 584, and Noble vs. King, 1 H. Bl. 34, are full upon the point. The warranty does not extend further than to an eviction or ouster under lawful authority. It may, I think, well be questioned, whether any thing short of actual expulsion from the possession by legal process, would be sufficient to sustain a breach of the cove *198 nant; perhaps an actual abandonment of possession after judgment, would ; but without stopping to enquire into that matter, there can be no question that the verdict does not. It is not necessarily the end of the suit. It may be set aside at the instance of the defendant. The plaintiff may never pursue it, or he may enter a nolle prosequi. The defendant may enjoin proceedings on it in Chancery. It is, in effect, nothing else than the ascertainment of a fact necessary to enable the court to pronounce the final judgment of the law on the matter in controversy between the parties. If the verdict alone constituted evidence of the breach of the warranty, and the plaintiff was entitled to recover on proof of that alone, non constat that he might not, even afterwards, be quieted in the possession, by procuring the verdict to be set aside for informality or irregularity, or enjoining it in Chancery, or by plaintiff entering a nolle prosequi.
We are therefore of opinion that the non-suit ought to be set aside, and a new trial granted.
O’Neall and Harper, JJ. concurred.